IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50563
Conference Calendar
_____


JESSE LEE WASHINGTON,

Plaintiff-Appellant,

versus

PAUL L. FRANKS ET AL.,

Defendants-Appellees.


- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-95-CV-88
- - - - - - - - - -

(October 17, 1995)

Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

Jesse Lee Washington appeals the district court's dismissal as frivolous of his pro se and in forma pauperis (IFP) complaint in which he argued that the defendants violated his civil rights by disciplining him.  An IFP claim that has no arguable basis in law or fact may be dismissed as frivolous.  28 U.S.C. § 1915(d);

---

[*]    Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993). This court's review is for an abuse of discretion. Booker, 2 F.3d at 115.

Although the Constitution mandates that a prisoner receive due process at a disciplinary proceeding, it does not guarantee error-free decision-making. See McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983). In the context of prison disciplinary proceedings, a finding of guilt requires only the support of "some facts" or "any evidence at all." See Gibbs v. King, 779 F.2d 1040, 1044 (5th Cir.), cert. denied, 476 U.S. 1117 (1986). Further, Washington was not constitutionally entitled to have the officer who wrote the disciplinary report present at the hearing. See Wolff v. McDonnell, 418 U.S. 539 (1974). Nor was it constitutionally mandated that Washington be represented by counsel at the hearing. Id. at 570. Thus, the allegedly ineffective performance of Washington's counsel substitute does not implicate due process.

Washington's remaining claims are frivolous. Washington does not have standing to challenge Sergeant Lamb's alleged use of a racial slur to one of his witnesses. See Murray v. City of Austin, Tex., 947 F.2d 147, 151 (5th Cir. 1991), cert. denied, 112 S. Ct. 3028 (1992). Washington's assertion that the magistrate judge participated in an "injustice conspiracy" because he was drinking and eating donuts with TDCJ officials is utterly without merit. See Liteky v. United States, 114 S. Ct. 1147, 1157 (1994). Finally, the district court did not err by dismissing Washington's complaint without holding an evidentiary hearing. See Eason v. Thaler, 14 F.3d at 8, 9 (5th Cir. 1994).

Washington's motion to file a supplemental brief is DENIED.

Washington's motion for injunctive relief also is DENIED.  The

judgment of the district court is AFFIRMED.